HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZACHARY M. ENSLOW,

          Plaintiff,

    v.

WASHINGTON STATE; and the THURSTON COUNTY POLICE DEPARTMENT,

          Defendants.

CASE NO. 18-cv-05903-RBL

ORDER DENYING IFP STATUS

THIS MATTER is before the Court on Plaintiff Enslow's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed [pleading] that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis*

complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Enslow appears to assert a § 1983 claim against Washington State and the Thurston County Police Department. Enslow claims violations to his "Article 1, 5, 9, 11 Section 1 [and] Article 12 Section 1" rights under the Constitution. The gist of his claim is that police wrongly issued a warrant for his arrest and did not adequately investigate the charges against him before detaining him. Apparently Enslow was wrongly accused of something by some individuals who he knows to be drug addicts. He was detained for six months and then acquitted after a jury trial.

These allegations do not pass the plausibility test. First, Washington State is shielded by sovereign immunity and cannot be directly sued in this manner. Second, it is totally unclear how the police could have violated Enslow's rights by arresting him based on allegations that turned out to be false. Enslow was allegedly acquitted by a jury of his peers, but this does not automatically mean he suffered a constitutional wrong by being arrested. If there were irregularities to his arrest that amount to a violation, Enslow does not provide any

comprehensible details that would allow the Court to make such a determination. For that reason, his Motion for Leave to Proceed *in forma pauperis* is DENIED.

IT IS SO ORDERED.

Dated this 16th day of August, 2019.

									_____
									Ronald B. Leighton
									United States District Judge